IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON A. SOLARCHICK, minor by ALAN   )
SOLARCHICK and CARLA SOLARCHICK, and in  )
their own rights,   )
   )
       Plaintiffs,   )
   )
 -vs-   )
      Civil Action No.  01-444
   )
METROPOLITAN LIFE INSURANCE COMPANY,   )
JOHN T. DALEY and TONYA DALEY,   )
   )
       Defendants.   )

AMBROSE, Chief District Judge.

MEMORANDUM OPINION

_____and

ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant")

has filed a Motion in Limine (Docket No. 72) seeking to exclude at trial evidence

regarding the Connecticut Market Conduct Report ("Connecticut Report") and

related documents.  Defendant's Motion is granted in part and denied in part as

follows.

I.  CONNECTICUT REPORT

The Connecticut Report summarizes a joint investigation by the Connecticut

Attorney General and the Market Conduct Division of the Connecticut Insurance

1

Department into the life insurance sales practices of MetLife.  See Docket No. 72, Ex. A ("Connecticut Report"), at 1.[1]  The focus of the six-month-long investigation was on allegations of churning in the sale of whole life insurance[2] and misrepresentations of so-called "vanishing premium" policies.  Id.  The investigation covered the period from 1980 to 1998.  Id. at 8.  The 42-page Report was issued on October 14, 1998.  In its findings, the Report concluded, among other things, that there was ample evidence that MetLife agents engaged in churning in Connecticut and sufficient evidence to charge MetLife with violating Connecticut law regarding MetLife's sale of vanishing premium policies.  Id. at 40-41.  Defendant argues that evidence regarding the Connecticut Report should be excluded at trial because it is hearsay, irrelevant, and/or unduly prejudicial.

Defendant's argument that the report is "classic hearsay" which should not be admitted at trial is unavailing.  Namely, the report may be admitted as an "official record" under Federal Rule of Evidence 803(8)(C), and Defendant has not shown any basis for believing that the Connecticut Report as a whole is untrustworthy.[3]

---

[1]  Plaintiffs list the Connecticut Report as Exhibit 26 in their revised exhibit list dated April 26, 2006.  See Docket No. 64.

[2]  The Connecticut Report defines "churning" in the insurance context as inducing consumers to use the cash value in an old insurance policy to buy a new one in order to generate a commission for the agent. Connecticut Report at 5. Plaintiffs' Complaint alleges, inter alia, that Defendant engaged in improper "replacement" or "churning" of Plaintiffs' life insurance policies.  See Complaint (Docket No. 1, Ex. A).

[3]  Rule 803(8)(C) provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8). The Advisory Committee Notes to Rule 803(8) identify four, non-exclusive, indicia of trustworthiness: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held

For this reason, Defendant's Motion is denied to the extent it seeks to exclude the Connecticut Report in its entirety on the grounds that the Report is inadmissible hearsay. This ruling, however, does not mean that all of the contents of the Report are necessarily admissible as non-hearsay. To the extent Defendant contends that specific portions of the Report fall outside the scope of Rule 803(8) or otherwise objects to specific portions of the Report (e.g., as hearsay within hearsay, etc.), I will consider such objections at trial.

Defendant also asserts that, even if non-hearsay, evidence regarding the Connecticut Report should be excluded at trial on the grounds that it is irrelevant and/or unfairly prejudicial. This portion of Defendant's Motion is granted to the extent the report discusses or makes findings concerning alleged sales practices distinct from or dissimilar to the allegations contained in Plaintiffs' Complaint. Such evidence would have a tendency to confuse the jury and, therefore, to unfairly prejudice Defendant.[4]

Defendant's Motion is denied, however, to the extent the Connecticut Report discusses or makes findings concerning sales practices similar to Plaintiffs' allegations, including allegations regarding "vanishing premiums" and/or improper replacement activity, i.e., churning. Such evidence may be relevant, for example, in establishing a pattern and practice on the part of MetLife, or a corporate culture

---

and the level at which conducted; and (4) possible bias.

[4] In granting Defendant's Motion to this extent, I do not mean to preclude Defendant from introducing portions of the Connecticut Report concerning MetLife's compliance in remedying and/or working to prevent the types of abusive sales practices alleged in this case, to the extent such information is relevant and otherwise admissible.

encouraging similar deceptive sales techniques.[5]   This probative value is not substantially outweighed by the danger of unfair prejudice to Defendant.[6]

## II.  RELATED DOCUMENTS

In addition to the Connecticut Report itself, Defendant seeks to exclude at trial two documents related to the Connecticut Report that Plaintiffs have listed as exhibits.  Specifically, Defendant seeks to exclude Plaintiffs' proposed exhibit 110, a December 1997 letter to MetLife's President from the Connecticut Insurance Department, and proposed exhibit 111, an October 1998 Stipulation and Consent Order entered into  by MetLife and the State of Connecticut Insurance Department in connection with the investigation.[7] Defendant, however, does not make specific arguments as to why these additional documents are inadmissible.   Rather, Defendant's argument appears to be that the Connecticut Report itself is inadmissible and, therefore, any related documents are likewise inadmissible.

As set forth above, however, Defendant's motion to exclude the Connecticut Report is denied to the extent the report discusses or makes findings concerning sales practices similar to Plaintiffs' allegations in this case.  Therefore, I am unable to exclude exhibits 110 and 111 simply because the document to which they relate has

---

[5]  I recognize that the Connecticut Report is focused on MetLife activity within Connecticut, and not Pennsylvania, where the transactions at issue in this case took place. The Connecticut investigation, however, primarily dealt with churning and "vanishing premium" allegations very similar to Plaintiffs' allegations here.

[6]  Of course, Defendant remains free to make Rule 403 objections, if appropriate, to specific portions of the Connecticut Report when offered at trial.

[7]  Defendant attached copies of the December 1997 letter and the October 1998 Stipulation and Consent Order as Exhibits B and C, respectively, to its Motion in Limine.

4

been excluded, because it has not.

Because Defendant does not make any argument as to why proposed exhibits 110 and 111 are inadmissible in and of themselves, and because those proposed exhibits relate to a document that is not categorically inadmissible, I decline to exclude these exhibits at this time.

### III. CONCLUSION

In sum, I will permit use of the Connecticut Report only to the extent that the report discusses or makes findings concerning sales practices similar to the allegations contained in Plaintiffs' Complaint.  Defendant's motion also is denied with respect to documents related to the Connecticut Report to the extent such documents are listed on Plaintiffs' exhibit list and are otherwise admissible.

An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights,<br><br>    Plaintiffs,<br><br> -vs-<br><br><br>METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br> Civil Action No. 01-444<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

---

### ORDER OF COURT

AND NOW, this **10th** day of May, 2006, Defendant's Motion in Limine to Exclude Evidence Regarding the Connecticut Market Conduct Examinations of Metropolitan Life Insurance Company and Related Documents (Docket No. 72) is granted in part and denied in part as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:


/S/   Donetta W. Ambrose

_____Donetta W. Ambrose,
Chief U.S. District Judge