IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No. 01-444 ) ) |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY, | ) ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Defendant MetLife has filed two Motions in Limine to Strike Plaintiffs' Jury Demand for the Unfair Trade Practices and Consumer Protection Law Claims.[1] See Docket Nos. 44 and 70. The Motions are DENIED.

First, this Court denied a similar Motion in Mohney v. MetLife, 96-186. See

---

[1] I assume that the duplication was unintentional, as the Motions and supporting briefs are identical.

1

Order dated December 20, 2004, Docket No. 50.  Second, MetLife argues that "[u]nder Pennsylvania jurisprudence, the right to a jury trial exists only where (1) the relevant statute provides for a jury trial, or (2) the cause of action existed when the Pennsylvania Constitution was adopted in 1790." See Docket No. 7, p. 1.  MetLife then cites to a number of cases decided by Pennsylvania courts which stand for the proposition that there is no right to a jury trial under the UTPCPL.  See Docket No. 71, p. 2-3.  While MetLife may be correct in its reading of the Ihnat v. Pover, 2003 WL 22319459 (C.C.P. Allegh. Cty. Aug. 4, 2003); Oppenheimer v. York Int'l., 2002 WL 31409940, No. 4348 (C.C.P. Phil. Cty. Oct. 25, 2002); Commonwealth of Pa. v. BASF Corp., 2001 WL 1807788, No. 3127 (C.C.P. Phil. Cty. March 15, 2001) and Greiner v. Erie Ins. Exchange, 2000 WL 33711941, No. 3053 (C.C.P. Phil. Cty. Nov. 13, 2000), simply stated, those cases do not govern in federal court.  Here, the issue is not whether the Pennsylvania Constitution guarantees the right to a trial by jury, but whether the Seventh Amendment guarantees the right to a trial by jury. See Simler v. Conner, 372 U.S. 221, 83 S. Ct. 604 (1963) (stating that "federal law governs in determining the right to a jury trial in the federal courts.") and Cellular Dynamics Inc. v. MCI Telecommunications Corp., Civ. No. 94-3126, 1997 WL 285830 (N.D. Ill. May 23, 1997) (concluding that, even where state law decisions interpreting the Illinois Consumer Fraud Act made clear that there was no statutory right to a trial by jury, the Seventh Amendment nevertheless preserves the right to a trial by jury in a diversity case.).  MetLife has not addressed the application of the Seventh Amendment in this case.  While I offer no opinion as

to whether the Seventh Amendment would guarantee the Solarchicks the right to a trial by jury, I decline to strike their demand for one as MetLife has not provided the proper analysis.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge