IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SOLARCHICK AND CARLA SOLARCHICK, )<br>)<br>Plaintiffs, )<br>)<br>-vs- )<br>)<br>METROPOLITAN LIFE INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No. 01-444 |

AMBROSE, Chief District Judge.

## MEMORANDUM ORDER OF COURT

Defendant seeks to exclude Exhibit 109 of Plaintiffs' Pre-Trial Statement. (Docket No. 109). Exhibit 109 is a videotape made in September of 1996 of MetLife sales representatives discussing confusion they or their customers have had regarding the accelerated payment ("AP") arrangement. (Docket No. 109-2). Defendant first seeks to exclude the video based on Rule 407 - Subsequent Remedial Measures. *See*, Fed. R. E. 407. After a review of the transcript of the video, I find that this is not a discussion of subsequent remedial measures. It discusses problems, but it is not a remedial measure "that, if taken previously, would have made the injury or harm less likely to occur." Fed. R. E. 407. Consequently, I will not exclude it on this basis.

Defendant next argues that the video should be excluded because it is irrelevant to this litigation based on Rule 402. I disagree. The video is relevant to show a business pattern and practice of selling policies with vanishing premiums, an issue in this case. *See*, Fed. R. E. 406. Consequently, I will not exclude it on this basis

either.

Defendant then argues that the video should be excluded because of the danger of unfair prejudice to Defendant, confusion, and because it would be misleading to the jury based on Rule 403. Again, I disagree. The fact that there is no specific time frame discussed goes to the weight and not admissibility of the video. Additionally, even thought the Daleys were not a part of the discussion, the Daleys can be asked specifically how they understood the program to work. Consequently, I will not exclude the video based on Rule 403.

Finally, Defendant argues that the video should be excluded based on inadmissible hearsay. (Docket No. 110, p. 8). In one paragraph, Defendant asserts that "[t]he videotape is rife with hearsay within hearsay (in that it involves sales representatives discussing what some [of] their customers have said to them about their alleged understanding of AP) and triple hearsay (in that it involves sales representatives discussing what their customers told them about their discussion with other sales representatives)." *Id.* Plaintiffs make no response to this argument. After a review of the transcript of the video, it is clear that some of the statements are inadmissible hearsay. *See,* Docket No. 109-2. It is not the responsibility of this Court, however, to go through a ten (10) page, single spaced document and determine which statements are objectionable.

THEREFORE, this 11th day of May, 2006, upon consideration of Defendant's Motion to exclude Exhibit 109 of Plaintiffs' Pre-Trial Statement (Docket No. 109) and the related submissions, it is hereby ordered that as to the portions of the video

transcript that Defendant finds objectionable based on hearsay, Defendant is ordered to file specific line-by-line hearsay objections with the stated reason for the hearsay objection (no briefing is necessary) by Friday, May 12, 2006, at 5:00 p.m.

It is further ordered that Plaintiffs are required to file their response to the same, setting forth the specific hearsay exception or reason why it is not hearsay (no briefing necessary) by Sunday, May 14, 2006, at 5:00 p.m.

The failure of either party to comply with these deadlines will result in their submission being stricken.

BY THE COURT:

/S/  Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge