IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON A. SOLARCHICK, minor by ALAN )
SOLARCHICK and CARLA SOLARCHICK, and in )
their own rights, )
)
      Plaintiffs, )
)
 -vs- )
) Civil Action No. 01-444
)
METROPOLITAN LIFE INSURANCE COMPANY, )
JOHN T. DALEY and TONYA DALEY, )
)
      Defendants. )

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendants have filed a Motion in Limine to preclude Plaintiffs from introducing evidence of expectation damages in this matter. In particular, they object to the admission of the portions of Robert Boyd Carter's report that relate to damages.[1]

Because my conclusion is fairly straightforward, I will state it from the outset:

---

[1] Mr. Boyd's testimony is the subject of a pending Daubert Motion. Today's Opinion is applicable, of course, only if he is permitted to testify, and should not be taken to indicate the Court's position on the Daubert Motion. Moreover, to the extent that Defendant's Motion challenges the basis for Mr. Boyd's opinion, that issue may be reserved for the Daubert hearing. Despite the pending Motion, however, it seems appropriate to resolve the issues presented by Defendant's Motion at this time, as they bear on jury instructions as well.

I will grant the Motion in part, in that Mr. Carter will not be permitted to testify as to the proper legal measure of damages in this matter. Instead, the Court will determine the proper measure of damages, and I will instruct the jury accordingly; the jury will then determine the appropriate amounts, if any. To the extent that the Motion seeks to prevent Plaintiffs from presenting testimony of all losses beyond premiums paid, however, it will be denied.

This simple ruling, however, belies the confusion generated by the issues addressed in the parties' papers, which have also arisen in previous cases involving present counsel. Therefore, I take this opportunity to flesh out the reasoning behind my decisions.

## DISCUSSION

The parties frame their present dispute as one about whether Plaintiff is entitled to receive "expectation," or "benefit of the bargain," damages. The crux of this issue is the parameters of recoverable "actual" loss under the UTPCPL and the common law. To the extent that the Pennsylvania Supreme Court has not examined the precise issue before me, this Opinion reflects my predictions regarding how that court would rule. USX Corp. v. Liberty Mut. Ins. Co., 2006 U.S. App. LEXIS 8702, at *18 n.13 (3d Cir. Mar. 7, 2006).

As an initial matter, I address the semantics upon which resolution of this question, in part, depends. Expectation damages, or benefit of the bargain damages, which are available when a contract is breached, are intended to place the injured party back in the position he would have been had the contract been

performed - i.e., to give him what he expected under the contract. Atacs Corp. v. Trans World Communs., 155 F.3d 659, 669 (3d Cir. 1998). This measure of damages is a means, in essence, of enforcing the parties' agreement. Id. In contrast, compensatory damages, available in tort actions, are intended to compensate the injured party for the loss caused by the tortious conduct. See Banks v.Cohen, No. 89-7219, 1993 U.S. Dist. LEXIS 11083, at *27 (E.D. Pa. Aug. 9, 1993).[2] In a tort action, the parties did not enter into any bargain or meeting of the minds that should be enforced; without a legally enforceable bargain, there is no benefit to which a plaintiff is legally entitled. For that reason, expectation damages, as defined above, are not appropriate in a tort action.

In this action, Plaintiffs bring claims grounded, inter alia, in fraud and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 et seq. ("UTPCPL"). In fraud actions, compensatory damages are defined by the plaintiff's "actual loss." B & P Holdings I, LLC v. Grand Sasso Inc., 114 Fed. Appx. 461, 467 (3d Cir. 2004). Similarly, with respect to UTPCPL violations, persons suffering ascertainable loss caused thereby may recover "actual damages." 73 P.S. § 201-9.2. Aspects of Mr. Carter's report do not identify expectation damages per se, although he employs the oft-used equivalent term "benefit of the bargain." For example, Mr. Carter identifies what he terms "unexpected additional outlays" - i.e., the amounts that plaintiffs are contractually obligated to pay, above and beyond the amount that

---

[2]According to the Oxford University Press Dictionary installed on Wordperfect, "Compensate" is to "give (someone) something to reduce or balance the bad effect of loss, suffering, or injury."

3

they thought they were obligated to pay. Mr. Carter also states that Plaintiffs should receive the represented full face value of $50,000 for two of the policies, although the face amounts were to drop to $25,000 each. The latter statement resembles classic contract damages; the argument, essentially, is that plaintiffs are entitled to a certain face value simply because it is what they were promised.

It is clear, under recent Pennsylvania appellate case law, that recovery in a UTPCPL claim is not limited to out of pocket losses.[3] For example, in Agliori v. Metropolitan Life Ins. Co., 879 A.2d 315, 320 (Pa. Super. 2005), the plaintiff alleged that as a result of defendant's misrepresentations, he surrendered several existing policies and purchased a new policy. Id. at 320. Although plaintiff received the policy and benefits that he sought when he purchased the new policy, he surrendered policies that might have been of greater value than the policy received. Id. at 320-21. The plaintiff sought the difference between the benefit paid and what the benefit would have been had the surrendered policies remained in force. Id. at 318. As a result, the court stated that an assessment of loss should include consideration of the surrendered policies. Id. at 321. The court observed that this conclusion was supported, if not mandated, by the deterrence function of the UTPCPL. Id.

Similarly, in Lesoon v. Metropolitan Life Ins. Co., No. 1647 WDA 2004, No. 1787

---

[3] Moreover, the state trial court cases that Defendant attaches are not particularly persuasive. Out of pocket losses, or damages consistent with such losses, might well be the only "actual" injury suffered in a particular matter; that does not, however, mean that all fraud or UTPCPL plaintiffs are limited to recovering those amounts. Without relevant analysis or discussion by the courts, the decisions in those cases are not particularly helpful.

WDA 2004, 2006 Pa. Super. LEXIS 288 (Pa. Super. Ct. Mar. 28, 2006), which also involved the UTPCPL, the court considered a situation in which plaintiffs purchased a new insurance policy, believing that their two existing policies would remain unchanged, and in which they declined to be enrolled in defendant's automatic payment program. Id. at *2. They later learned that an unauthorized payment had been withdrawn from their account, and that the policies and monthly payment situation were not as defendant had represented. Id. at **4-8. Ultimately, defendant refunded the improperly withdrawn amount, and restored the two existing policies to their previous state. Id. at *6.

Although the plaintiffs were essentially restored to the status quo, the court observed that, "at a minimum, [plaintiffs] should be compensated for the difference in price between the policy that was promised them and the policy that was issued." Id. at **30, 34. The court agreed that plaintiffs should receive "compensatory damages calculated in relation to the terms of the underlying transaction that gave rise to the UTPCPL violation," and that they were entitled to the "benefit of the contract that was promised...and therefore, the trial court should have fashioned an award designed to cover the increase in the price of a comparable insurance policy that [defendant] promised [to] them." Id. at *28.

Certainly, both Agliori and Lesoon make it clear that a UTPCPL plaintiff is not limited to out-of-pocket losses.[4] Defendant's repeated mantra of "actual loss" does

---

[4]In their effort to obtain "expectation" damages, Plaintiffs also point to Restatement authority and to Pennsylvania's Suggested Standard Jury Instructions. Of course, neither are binding on this Court. Nevertheless, without setting forth the entire Section here, I note that the Restatement of Torts (Second) § 549(2) is consistent with Lesoon, but does not support Plaintiff's

5

not lead me to a different conclusion; the term is clearly more expansive than suggested. Likewise, however, the cases do not stand for the proposition that Plaintiffs are entitled, either under the UTPCPL or common law fraud, to receive expectation damages such as those awarded in contract. Plaintiffs in those cases were, in a sense, adjudged entitled to the value of their bargain; but they certainly were not, wholesale, deemed entitled to be placed in the position they would have been had the insurance agent's representations been true. Instead, the losses approved were, in the courts' view, compensatory and actual. See also Metz v. v. Quaker Highlands, 714 A.2d 447 (Pa. Super. 1998).[5]

Plaintiffs also contend, however, that the "reasonable expectations doctrine" entitles them to recover the amounts that they reasonably expected to receive under the policy. This contention, however, misapprehends the doctrine. The reasonable expectations of the insured, as discussed in Tran v. Metropolitan Life Ins. Co., 408 F. 3d 130, 136 (3d Cir. 2006), bear only on the issue of justifiable reliance as an element of fraud. There is no suggestion, in Tran or any other cases discussing the reasonable expectations doctrine referenced therein, that the doctrine bears in any way on the proper measure of damages in a fraud case. Cf. Dilworth v.

---

argument. The Comment to this Section refers, as an example, to the lost opportunity of acquiring a substitute. Assuming without deciding that the Section is applicable here, it simply does not provide that the recipient is entitled merely to fulfill his expectations. It does, however, permit the conclusion that actual loss may include those damages identified in Lesoon. Similarly, the Standard Pennsylvania Jury Instructions on damages for fraud, with their emphasis on value, comport with the case law, but do not suggest that a party may recover non-compensatory amounts based solely on his expectations.

[5]Metz was discussed rather thoroughly in the Lesoon decision. Similar to the latter, the Metz court approved recovery of increased costs required to fulfill the false promise. Metz, 714 A.2d at 449.

Metropolitan Life Ins. Co., 418 F.3d 345, 353 (3d Cir. 2005).

Plaintiffs also rely on Rempel v. Nationwide Life Ins. Co., 370 A.2d 366 (Pa. 1977), which, at first blush, appears promising for them: "In suing for the greater amount, [the insured's] widow was, in effect, seeking to reform the contract of insurance to coincide with her husband's reasonable expectations and beliefs. She sought both to reform the contract and to recover as damages the total sum she was entitled to receive once the contract was reformed." Id. at 370.

I will not, however, rely on Rempel as urged. First, the Pennsylvania Supreme Court has cautioned that Rempel is a plurality decision without precedential value. Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 275 n. 2 (Pa. 2005). In addition, the quoted statement was made in the context of the propriety of introducing parol evidence, and not as a pronouncement regarding the proper measure of damages. Indeed, the court relied on the concept of contract reformation, which is not at issue here. Finally, the damages aspect of Rempel is unaccompanied by significant analysis; notably, despite the age of the case, there is a dearth of authority explaining its position on damages.

None of the cited cases or other sources depart clearly from the concept of "actual" loss, as defined by Pennsylvania appellate courts, and none of them lead me to believe that the Pennsylvania Supreme Court would permit recovery for fraud based on a theory heretofore reserved exclusively for contract damages. This is true despite the semantic disorder caused by the use of the terms "expectation" and "benefit of the bargain," which are of special significance in contract, in a tort

7

setting. In other words, I see no clear indication that Pennsylvania law would permit Plaintiffs to receive the promised full face amounts of the policies, merely because that's what they expected to receive. Tort victims are compensated for loss and injury suffered, not for falsely promised but unrealized gain. In the face of a fraudulent misrepresentation, the tortious conduct did not cause the failure to materialize; it is intrinsic to the cause of action that the failure was preordained.[6] A party cannot lose what she does not or will not have, and cannot be compensated for a loss not suffered. To rule otherwise would be an unwarranted and, I think, nonsensical extension of state law.

To punctuate my attempt at distinguishing the varieties of damages at issue, I will indulge in a brief hypothetical exercise of the law school variety. Assume that A tells B that if B invests $10.00 in a particular item, A promises to return one million dollars to B on a specified date. B never receives the promised return. In order to have achieved the promised gain, B would have had to invest $100.00. In a contract action based on these facts, an award based on the one million dollars would place B in the position in which he would have been, had the contract been performed, and may well be an appropriate damage award. B has not, however, "lost" one million dollars; such an award simply would not be compensatory in nature. He may, however, under Pennsylvania law, have lost $90.00, which may fairly be said to represent the value of his bargain; his loss may also include other injuries proven to

---

[6]For that reason, falsely promised but unrealized gain differs materially from other expected but unrealized gain, such as lost profits. The latter would have belonged to the recipient, absent the misrepresentation.

8

have been proximately caused by the misrepresentation.[7]

## CONCLUSION

In sum, the jury may consider the actual and promised face amounts of the subject policies, as well as additional unexpected outlays that Plaintiffs are obligated to pay. Mr. Carter will not, however, be permitted to testify that these numbers represent the benefit of Plaintiffs' bargain, or otherwise testify regarding the appropriate measure of damages, either under the UTPCPL or the common law. Instead, the Court will instruct the jury as to the proper measure of damages, and the jury will determine the proper amount. An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

[7] As with all law school hypotheticals for those inclined to contemplate them long after class has ended, this one is likely underinclusive or otherwise imperfect. It will suffice, however, for its intended basic illustrative purposes; therefore, the reader is asked to assume the absence of complicating variables.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No. 01-444 ) |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY, | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **12th** day of May, 2006, it is ORDERED that Defendant's Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages (Docket No. 54) is GRANTED in part and DENIED in part, as stated in the foregoing Opinion.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge